UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AROUND THE WORLD TRAVEL, INC.,
a Michigan corporation, individually and as
the representative of a class of similarly-
situated persons,

          Plaintiff,

CASE NO. 14-CV-12589
HONORABLE GEORGE CARAM STEEH

v.

UNIQUE VACATIONS, INC. and JOHN
DOES 1-10,

          Defendants.
_____/

OPINION AND ORDER DENYING DEFENDANT UNIQUE
VACATIONS, INC.'S MOTION FOR RECONSIDERATION AND
ALTERNATIVELY RENEWED MOTION TO STAY (DOC. #27)

This matter is before the court on defendant Unique Vacations, Inc.'s motion for reconsideration and alternatively, renewed motion to stay. Plaintiff, Around the World Travel, Inc. brought this putative class action on behalf of itself and all others similarly situated, alleging that defendant, Unique Vacations, Inc., sent unsolicited fax advertisements to plaintiff and other consumers without including the proper "opt-out" language, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* (the "Junk Fax Act"). The Complaint was filed on July 1, 2014. Subsequently, on August 20, 2014, defendant filed a Petition for Declaratory Ruling with the Federal Communications Commission (the "FCC") in which Defendant asked the FCC to: (1) confirm that its faxes sent with prior express permission (i.e. solicited faxes) "substantially comply" with the opt-

out disclosure rules; and (2) clarify that the FCC's regulations requiring solicited faxes to contain opt-out notices exceed the FCC's rule-making authority. Defendant's petition was one of many brought by other companies asking the FCC for the same relief. Defendant moved the court to stay this action pending final merits disposition, including all appeals, of its administrative petition pending before the FCC. The court held a hearing on October 30, 2014.

At the October 30, 2014 hearing, the court denied the motion to stay orally from the bench. First, the court stated that, at this juncture, it could not reconcile plaintiff's Complaint which alleges that the faxes at issue were sent without prior express permission (i.e. unsolicited) with defendant's position that this case deals only with solicited faxes. Defendant's administrative petition does not address unsolicited faxes. Second, the court stated that the FCC's time frame for ruling on defendant's petition is indefinite, and it was not known how long it would take for appeals to be resolved. Third, the court expressed a concern that, without some basic discovery, there is a risk that pertinent evidence may be lost. The court expressed its willingness to reconsider its position if the facts changed. The motion to stay was denied without prejudice.

After the hearing, on the same day, the FCC issued an order that addressed, *inter alia*, defendant's petition. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 14-164, 2014 WL 5493425 (F.C.C. Oct. 30, 2014). In the order, the FCC confirmed that faxes sent with prior express permission must include specific opt-out notices, similarly to unsolicited faxes. *Id.* at *1. The FCC "den[ied] the request of those petitioners [including defendant] seeking a declaratory ruling that fax ads that 'comply substantially' with [the Junk Fax Act] do not violate any regulation promulgated

-2-

under the Act, even if the opt-out notice included on the fax does not conform with all of the specified requirements of that rule." *Id.* at *10. The FCC, however, granted a retroactive waiver applicable to solicited faxes which do not contain the proper opt-out notice sent up to six-months after entry of the order. *Id.* at *7. The order made clear that the waiver "does not affect the prohibition against sending unsolicited fax ads, which has remained in effect since its original effective date." *Id.* at *9 (footnote omitted). The order continued: "Nor should the granting of such waivers be construed in any way to confirm or deny whether these petitioners, in fact, had the prior express permission of the recipients to be sent the faxes at issue in the private rights of action." *Id.* (footnote omitted).

Based on the FCC's order, defendant seeks reconsideration, or, alternatively, renews its motion to stay. Defendant argues that the FCC's ruling directly impacts the allegations in plaintiff's Complaint. Defendant says that plaintiff's Complaint does not distinguish between solicited and unsolicited faxes, and, therefore, the issues addressed by the FCC are the same issues raised in the Complaint. In support of this argument, defendant points to the definition of plaintiff's proposed class in the Complaint:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) which did not display a proper opt-out notice.

Because the proposed class encompasses both unsolicited and solicited fax advertisements, defendant says that this action should be stayed until completion of final appellate review of the FCC's decision.

Plaintiff disagrees. Plaintiff concedes that its proposed class definition would encompass solicited faxes but argues that a stay is inappropriate because defendant has

not proffered any evidence that any of the faxes at issue in this case were solicited faxes. Plaintiff maintains that this case deals with unsolicited faxes. Plaintiff cites a 2006 FCC decision in which the FCC required senders of faxes to document a recipient's permission to send faxes. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 21 F.C.C.R. 3787 (F.C.C. 2006). The FCC stated:

> We are concerned that permission not provided in writing may result in some senders erroneously claiming they had the recipient's permission to send facsimile advertisements. Commentators that discussed this issue agree that a sender should have the obligation to demonstrate that it complied with the rules, including that it had the recipient's prior express invitation or permission. Senders who choose to obtain permission orally are expected to take reasonable steps to ensure that such permission can be verified. In the event a complaint is filed, *the burden of proof rests on the sender to demonstrate that permission was given.* We strongly suggest that senders take steps to promptly document that they received such permission. Express permission need only be secured once from the consumer in order to send facsimile advertisements to that recipient until the consumer revokes such permission by sending an opt-out request to the sender.

*Id.* at 3812 (emphasis added and footnotes omitted). Plaintiff argues that despite defendant's claim to have plaintiff's written permission to receive fax advertisements, it has not proffered any such evidence, failing to meet its burden at this juncture.

In addition, because the FCC's order only deals with solicited faxes, plaintiff argues that its proposed class definition encompasses more than what is addressed in the FCC's decision. Specifically, plaintiff argues that its proposed class includes two additional varieties of fax advertisements: (1) pure unsolicited fax advertisements, which plaintiff argues are the type of fax advertisements involved in this case; and (2) unsolicited advertisements sent pursuant to an established business relationship. These fax advertisements are not governed by the regulations challenged in defendant's administrative petition.

I.

A.

"A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3rd Ed. 1988)).

B.

The court has inherent power to stay proceedings "to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (internal quotation marks and citation omitted). "A district court can, at its discretion, stay an action pending the conclusion of an alternative administrative proceeding." *Goulas v. Goulas*, No. 08-cv-12712, 2009 WL 33431, at *1 (E.D. Mich. Jan. 5, 2009) (citations omitted).

In a context similar to this case, where the defendant is involved in an administrative proceeding before the FCC, courts have applied the primary jurisdiction doctrine to determine whether a stay is appropriate. *See, e.g.*, *Lee v. loanDepot.com, LLC*, No. 14-1084-MLB, 2014 WL 4145504 (D. Kan. Aug. 20, 2014). The primary jurisdiction doctrine " 'arises when a claim is properly cognizable in court but contains some issue within the special competence of an administrative agency.' " *United States v. Any and All Radio Station Transmission Equip.*, 204 F.3d 658, 664 (6th Cir. 2000) (citing *United States v.*

*Haun*, 124 F.3d 745, 749 (6th Cir. 1997)). If the primary jurisdiction doctrine applies, "court proceedings are stayed so that the agency may bring its special competence to bear on the issue." *Id.* (citation omitted). There is no fixed formula for applying the doctrine, and "[i]n every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Id.* (citation and quotation marks omitted). The doctrine exists to provide "uniformity in adjudication and the belief that the decisionmaker with the most expertise and broadest perspective regarding a statutory or regulatory scheme will be most likely to resolve the issue correctly." *Id.* (citation omitted); *see also Alltel Tenn., Inc. v. Tenn. Public Serv. Comm'n*, 913 F.2d 305, 310 (6th Cir. 1990) ("The principal reasons for the doctrine of primary jurisdiction are to obtain the benefit of the expertise and experience of the administrative agencies and the desirable uniformity which occurs when a specialized agency decides certain administrative questions.").

In addition, courts consider other factors for determining whether a stay is appropriate pending completion of parallel FCC administrative proceedings. Among these factors are: (1) whether it would be unduly burdensome to stay the proceedings for an undetermined period of time, *Espejo v. Santander Consumer USA, Inc.*, No. 11 C 8987, 2014 WL 4347185, at *3 (N.D. Ill. Aug. 28, 2014); (2) judicial economy, *Lambert v. Buth-Na-Bodhaige, Inc.*, No. 2:14-cv-00514-MCE-KJN, 2014 WL 4187250, at *3 (E.D. Cal. Aug. 20, 2014); (3) whether the alleged harm is ongoing, *id.*; and (4) the stage of the litigation and prejudice from delay (i.e. increased costs of discovery that could be rendered moot by administrative proceedings), *id.*

II.

Plaintiff has the better argument here. There is no palpable defect with the court's order, nor is a stay warranted based on any changed circumstances. Despite defendant's consistent position that this case deals only with solicited faxes, defendant has not proffered any evidence in support of this position to contradict the allegations in the Complaint. Defendant focuses on how plaintiff's Complaint defines the purported class for its position that solicited faxes are encompassed in the definition of the proposed class. However, defendant ignores the remainder of the Complaint which, in multiple allegations, frames the dispute as involving receipt of *unsolicited* faxes. The first allegation of the Complaint, in the preliminary statement, reads: "This case challenges Defendants' practice of sending *unsolicited* facsimiles." Compl. at ¶ 1 (emphasis added). The Complaint alleges that defendant sent unsolicited faxes, as opposed to solicited faxes, in no less than fourteen allegations. Compl. at ¶¶ 1, 2, 3, 11, 13, 14, 16, 19, 20, 25, 35, 36, 39, 40.

At this juncture, the court remains unable to reconcile the parties' conflicting positions. Despite defendant's multiple statements in pleadings that it never sent faxes without prior permission, there has been no citation to admissible evidence, and it is not clear at this point what discovery will reveal. Plaintiff is entitled to discovery to determine whether defendant can support its position that it sent faxes with the permission of the recipients. If discovery reveals that defendant's faxes were sent with permission, unlike what is alleged in the Complaint, defendant may be in a better position to ask the court for a stay. However, for the reasons the court explained on the record at the hearing, a stay is not warranted at this time.

III.

-7-

For the reasons stated above, defendant's motion for reconsideration and alternatively, renewed motion to stay, is DENIED.

IT IS SO ORDERED.

Dated:  November 19, 2014

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 19, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---